IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRAIG VIDAL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-03518-RWS |
| OTIS ELEVATOR COMPANY, | : | |
| and MARRIOTT | : | |
| INTERNATIONAL, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**ORDER**

This case comes before the Court on Defendant Marriott International, Inc.'s Motion for Summary Judgment [19]; Defendant Otis Elevator Company's Motion to Preclude Plaintiff from Introducing Any Evidence in Opposition to Defendant's Motions or at Any Hearing or Trial ("Motion to Preclude Plaintiff from Introducing Evidence") [23]; and Defendant Otis Elevator Company's Motion for Summary Judgment [24]. After a review of the record, the Court enters the following Order.

**Preliminary Matters**

As an initial matter, Defendant Marriott International, Inc.'s Statement of

Material Facts to Which There Is No Genuine Issue for Trial [19-2] and Defendant Otis Elevator Company's Statement of Material Facts as to Which There Exists No Genuine Issue to Be Tried [24-2] are deemed admitted because Plaintiff has failed to file a proper response thereto. LR 56.1(B)(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).").

## Background

This case arises out of injuries Plaintiff sustained in a Courtyard Marriott Hotel elevator in Atlanta, Georgia in 2009. Stmt. of Mat'l Facts, Dkt. [24-2] ¶¶ 1-2. On September 12, 2011, Plaintiff initiated this pro se action against Defendants Marriott International, Inc. ("Marriott International") and Otis Elevator Company ("Otis Elevator") in the State Court of Fulton County, asserting claims of negligence, gross negligence, negligent entrustment, and

negligent supervision against both Defendants. Defendants timely removed to this Court based on diversity of citizenship.

On November 14, 2011, the parties filed a joint preliminary report and discovery schedule. The following day, the Court adopted the parties' proposals in its scheduling order and required the parties to serve initial disclosures in accordance with Federal Rule of Civil Procedure 26. Scheduling Order, Dkt. [11] ¶ 8. Plaintiff never served his initial disclosures. On January 9, 2012, Otis Elevator served Plaintiff with interrogatories and requests for the production of documents, to which Plaintiff also failed to respond. On March 12, 2012, Otis Elevator filed its Motion to Preclude Plaintiff from Introducing Evidence [23] in light of Plaintiff's failure to respond to discovery requests.

On January 20, 2012, Marriott International filed its Motion for Summary Judgment [19], to which Plaintiff filed no response. On March 12, 2012, Otis Elevator filed its Motion for Summary Judgment [24], and Plaintiff again failed to respond.

Under Local Rule 7.1(B), any summary judgment responsive motion is due twenty-one days after service. "Failure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. Because Plaintiff has

failed to respond to either of Defendants' summary judgment motions, both summary judgment motions are deemed unopposed.

However, an unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still required to consider the merits of the motion.  See Dunlap v. Transamerica Occidental Life Ins. Co.**,** 858 F.2d 629, 632 (11th Cir. 1988) (stating that in an unopposed motion for summary judgment, the district court must "indicate that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, No. 1:11-CV-0224-CAM-ECS, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion to dismiss context).  Therefore, the Court will consider the merits of each Defendant's motion for summary judgment.

## Discussion

### I.   Summary Judgment

*A.  Legal Standard*

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.

4

56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are

5

reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

*B. Marriott International's Motion for Summary Judgment [19]*

Plaintiff has asserted claims of negligence, gross negligence, negligent entrustment, and negligent supervision against Marriott International on the allegation that Marriott International "owned and operated" the hotel in which Plaintiff sustained his injuries. Am. Compl., Dkt. [2] ¶¶ 1, 11. Marriott International moves for summary judgment as to each of Plaintiff's claims on the ground that it is an improper party to the action. Mot. for Summ. Judg., Dkt. [19-1] at 5.

Marriott International correctly argues that each of Plaintiff's claims sounds in tort, which Georgia law requires to be asserted against "the party

6

committing the injury, either by himself, his servant, or an agent in his employ." O.C.G.A. § 9-2-21(b) (2011).  Marriott International has demonstrated that it does not own, manage, "or otherwise have any participation or involvement" with the hotel in question.  Stmt. of Mat'l Facts, Dkt. [19-2] ¶¶ 2-3.  Because Plaintiff has introduced no evidence to establish otherwise, the Court finds that no genuine issue of material fact exists as to Marriott International's assertion that it is not a proper party to this suit.  Therefore, Marriott International's Motion for Summary Judgment **[19]** is **GRANTED**.

*C.  Otis Elevator's Motion for Summary Judgment [24]*

Plaintiff has also asserted the same claims of negligence, gross negligence, negligent entrustment, and negligent supervision against Otis Elevator.  Am. Compl., Dkt. [2] ¶ 1.  Otis Elevator moves for summary judgment as to each claim, arguing that Plaintiff has failed to allege any involvement of Otis Elevator in Plaintiff's injuries.  Mot. for Summ. Judg., Dkt. [24-1] at 3-4.

The Court agrees with Otis Elevator that Plaintiff has failed to state any claim—or introduce any evidence to support one—against Otis Elevator.  Id. Furthermore, because Plaintiff failed to explain how Otis Elevator was even involved in his injuries, the Court finds that no genuine issue of material fact

7

exists as to Otis Elevator's assertions that it owed no duty to Plaintiff, breached no duty owed to Plaintiff, or was otherwise liable for Plaintiff's injuries. Otis Elevator's Motion for Summary Judgment **[24]** is therefore **GRANTED**.

### II. Otis Elevator's Motion to Preclude Plaintiff from Introducing Evidence [23]

In light of the Court's ruling in Part I.C. granting Otis Elevator's Motion for Summary Judgment [24], Otis Elevator's Motion to Preclude Plaintiff from Introducing Evidence **[23]** is **DENIED as moot**.

### Conclusion

In light of the foregoing, Defendant Marriott International, Inc.'s Motion for Summary Judgment **[19]** is hereby **GRANTED**. Defendant Otis Elevator Company's Motion for Summary Judgment **[24]** is also **GRANTED**. Finally, Defendant Otis Elevator Company's Motion to Preclude Plaintiff from Introducing Any Evidence in Opposition to Defendant's Motions or at Any Hearing or Trial **[23]** is **DENIED as moot**.

**SO ORDERED**, this   20th   day of April, 2012.

**RICHARD W. STORY**
United States District Judge

8